**WARNOCK MACKINLAY LAW PLLC**
7135 East Camelback Road, Suite F240
Scottsdale, Arizona 85251
Telephone: (602) 381-6669
Fax: (602) 381-6560
Nathaniel B. Preston, State Bar No. 030551
Npreston@warnocklaw.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip A. Benavidez, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> The United States of America, <br><br> Defendant. | Case No. <br><br> **VERIFIED COMPLAINT** <br><br> (Negligence; Negligence *Per Se*) |

Phillip A. Benavidez, an individual, sues the United States of America ("United States" or "Defendant") for compensatory damages under 28 U.S.C. §§ 2671 *et seq.* and 2674, the Federal Court Tort Claims Act, and Arizona state law.

## JURISDICTION

1. This action arises under 28 U.S.C. §2674 and Arizona state law. This Court has jurisdiction under 28 U.S.C. §1343(a)(3) and §1346(b)(1). This Court has supplemental jurisdiction under 28 U.S.C. §1367 to adjudicate claims arising under state law. The Federal Tort Claims Act, pursuant to 28 U.S.C. §§ 1346(b) and 2671-2680, authorizes monetary recovery for damages such as property damage, personal injury, and other losses in cases where the damages occurred as a result of the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1326(b).

2. Venue is proper within the District of Arizona pursuant to 28 U.S.C. §1391, because the events complained of herein occurred within the District of Arizona in Pinal County, Arizona in an incident involving an agent of the United States, a Customs and Border Patrol agent.

**PARTIES**

3. Phillip A. Benavidez ("Phil" or "Plaintiff") is, and at all times relevant hereto was, an individual residing in Pinal County, Arizona.

4. Defendant United States has the Department of Homeland Security ("DHS") and its subsidiary department United States Customs and Border Patrol ("CBP"), and Donald William Kramer, in his individual capacity as agent of the CBP ("Kramer") as its constituent agents and agencies. At all relevant times, Defendant United States employed Kramer as an agent and official of CBP, and is liable for his torts committed while in the course and scope of employment with the CBP.

5. Agencies of the United States, DHS and its subsidiary agency CBP, employed Kramer as an agent and official at all relevant times. DHS and CBP were responsible for supervising and training Kramer in his duties to members of the driving public, including Plaintiff.

6. United States' agent Kramer is, and at all times relevant hereto was, an employee of DHS, assigned to CBP. On information and belief, Kramer held the position of Customs and Border Patrol Agent, working within Pinal County, Arizona, and in such capacity, was acting within the course and scope of his employment with DHS and CBP at all relevant times.

7. United States' agent CBP owned, titled, insured, and furnished for the use of Kramer the 2018 Chevrolet Tahoe four-door sedan involved in the collision in this case, and authorized and/or entrusted Kramer to use said vehicle such that the United States is liable for Kramer's acts and omissions under principles of vicarious liability, for those torts committed while Kramer was operating the vehicle under the course and scope of his employment duties as an agent of the CBP.

8. At all relevant times, agents of Defendant have committed the acts, caused others to commit the acts, or permitted others to commit the acts alleged herein.

## COMPLIANCE WITH GOVERNMENT CLAIM STATUTE

9. Plaintiff timely complied with the Federal Tort Claims Act by filing a Federal Tort Claim against United States' agency CBP in a Form 95 Notice of Claim originally on May 28, 2019. A Form 95 was filed by Phil on June 17, 2019 for his property damage claim. A Federal Tort Claim was filed against the CBP on behalf of Phil for his bodily injuries sustained on October 3, 2019. CBP, who acknowledged the Notices of Claim, has agreed that the deadline for Plaintiff to file a Complaint on these claims would be no later than six months following the January 27, 2020 letter from counsel for CBP.

## GENERAL ALLEGATIONS

10. On May 4, 2019 at approximately 12:42 p.m., Kramer negligently caused a serious motor vehicle collision with Plaintiff Phil in Pinal County, Arizona. Plaintiff and the passengers were all properly restrained at the time of the collision.

11. North Sunland Gin Road is a north-south road located in Eloy, Pinal County, Arizona. It has one lane for traffic in each direction. The location where the collision occurred is

level and straight with no obstructions. The day was dry and clear.

12. Plaintiff Phil had been traveling northbound on South Sunland Gin Road, and was about 626 feet north of Interstate 10 near where South Sunland Gin Road changes to North, with his two minor sons, in his 1997 Ford pickup truck, when he slowed and prepared to turn left into the Pride Travel Center.

13. Prior to the collision, Kramer, acting in the course and scope of his employment with United States agency CBP, had also been traveling northbound on South Sunland Gin Road, behind Plaintiff's truck. Kramer, driving distracted, failed to pay attention to the roadway, sped too fast for conditions, and collided into the rear of Plaintiff Phil's truck, causing a major collision with bodily injuries and significant property damage to the rear driver's side of Plaintiff's truck. Although Kramer told investigating officers that he had been traveling at the posted speed limit of 25 miles per hour, given the damage to the vehicles, it is probable that Kramer had been traveling at a substantially higher rate of speed. The officer noted in the Arizona crash report that Kramer had been driving distracted. On information and belief, Kramer was driving the CBP vehicle while using his cellphone.

14. Kramer advised the investigating Eloy Police Department officer that he had thought, for some unknown reason, that Plaintiff Phil would turn right. He admitted that he was focusing on a different truck turning out of the Pride Travel Center parking lot onto North Sunland Gin Road and failed to slow down, resulting in his collision into Plaintiff's truck.

15. Having no time to react or avoid the collision due to Kramer's inattention, distraction, and/or negligence, Plaintiff Phil was unable to take any action when Defendant Kramer's vehicle

4

collided into the driver's rear side of Phil's Ford truck, causing a severe impact with significant damage to it.

16. As a direct and proximate result of Kramer's negligence and negligence *per se*, Plaintiff Phil sustained serious bodily injuries, some of them permanent in nature, and required past medical treatment and will require future medical care for his injuries, including steroid epidural injections and likely spinal surgery.

17. Plaintiff Phil's injuries sustained in the collision at issue include, but are not limited to:

- **Posttraumatic headaches**
- **C3-4 disc herniation and bulge, exacerbated**
- **C4-5 disc herniation**
- **C5-6 disc bulge**
- **C6-7 disc herniation and bulge, exacerbated**
- **C7-T1 disc herniation**
- **Cervical sprains/strains**
- **Cervicalgia**
- **Thoracic sprains/strains**
- **L2-3 disc bulge**
- **L4-5 disc herniation and bulge, exacerbated**
- **L4-5 edema and swelling**
- **L5-S1 disc bulge**
- **L5-S1 edema and swelling**
- **Lumbar sprains/strains**
- **Lumbar spondylosis**
- **Lumbago with sciatica**
- **Left shoulder tendinopathy**
- **Left knee medial meniscus tear**
- **Left knee contusion**
- **Left knee pain**
- **Myospasm**
- **Limited range of motion and stiffness to areas of neck, both shoulders, spinal regions, left hip**
- **Insomnia**
- **Fatigue,**

5

- **Anxiety**
- **Depression**
- **Extreme stress**

18. Plaintiff Phil's current past medical expenses for treatment for injuries sustained in the collision at issue have totaled **$51,058.50**, which special damages do not take into account the general damages claimed by Plaintiff, nor future medical care. Plaintiff Phil has been given an estimate by a medical professional of an additional **$53,000.00** for future medical costs if he does not need spinal surgery. Should he be forced to undergo spinal surgery, as a result of the collision caused by Kramer, his future medical care costs alone would likely **surpass $250,000**.

19. Following the collision, Defendant United States agency CBP failed to compensate Phil for his property damage losses. This has presented a huge financial hardship and inconvenience for Phil and his family.  His Ford Truck was declared unsafe to drive, as a result of the collision damage.  Following the collision, Phil could not afford to replace or repair his Ford Truck. Recently, Plaintiff Phil was forced to take out a litigation loan at a very high rate of interest to pay to have his truck repaired, so that he can obtain the medical treatment that he needs for his injuries. Plaintiff lives in the town of Casa Grande, and the treatment he has needed is in Phoenix, Arizona, which presents a hardship for Plaintiff if he does not have transportation. Defendant is liable to Plaintiff for both the property damage claim, as well as the loss of use of vehicle from the date of the collision until Phil was able to obtain a loan to repair his Ford truck.  Because Plaintiff Phil was forced to take out a high-interest litigation loan to repair his vehicle, Defendant is also liable to Plaintiff Phil for the interest on the litigation loan.

20. Plaintiff Phil did absolutely nothing wrong, was wholly unable to avoid the collision, and acted as any reasonable and prudent person would have acted under similar circumstances. As a result of Kramer's negligent act, Plaintiff has sustained injury and incurred damages. Defendant is liable to Plaintiff for all of his damages.

### FIRST CAUSE OF ACTION
### Negligence

21. Plaintiff incorporates by reference each allegation set forth above.

22. Kramer, agent of Defendant United States, had a duty to operate the vehicle he was driving in a reasonably safe and prudent manner while driving on the roadway and to protect Plaintiff Phil and others against unreasonable risk of harm or injury.

23. Kramer breached that duty by failing to pay attention to the roadway, speeding too fast for conditions, losing control of his vehicle, and causing a collision with Plaintiff Phil's vehicle.

24. Kramer knew or should have known that by driving on a public road while using his cellphone and driving distracted, he was creating an unreasonable risk of harm to the safety of others, specifically Plaintiff, and that the risk was so great that it was highly probable that harm could result.

25. Plaintiff Phil did absolutely nothing wrong, and there was no evasive action he could have taken to avoid the collision.

26. As a direct and proximate result of Kramer's negligence, Plaintiff suffered considerable harm, including but not limited to past and future medical expenses, property damage, loss of use, economic losses, pain and suffering, loss of enjoyment of life, and mental distress.

27. Defendant United States is vicariously and jointly and severally liable to Plaintiff for damages stemming from Kramer's negligence, because he was employed by Defendant and was working within the course and scope of his employment as an agent of CBP when he caused the collision, and Defendant's agencies negligently permitted him to drive the vehicle. They further failed to properly train and supervise Kramer in driving safety to avoid such collisions.

## SECOND CAUSE OF ACTION
**Negligence *Per Se***

28. Plaintiff incorporates by reference each allegation set forth above.

29. Under 28 U.S.C. §1367, the Court has jurisdiction over claims arising out of state law. United States agent Kramer violated A.R.S. § 28-701(A) for driving at a speed greater than is reasonable and prudent under the circumstances and conditions, and failing to control the speed of a vehicle as necessary to avoid colliding with any object, person, vehicle, or other conveyance on the roadway.

30. Kramer violated A.R.S. § 28-693 by driving with reckless disregard for the safety of Plaintiff and his property and operating a motor vehicle on public roadways in a distracted, fatigued, or impaired condition.

31. Plaintiff was within the class of persons that 28-701(A) and -693 were intended to protect, and this collision is the type of risk of injury that A.R.S. §§ 28-701(A), and -693 were intended to prevent.

32. As a direct and proximate result of Kramer's negligence *per se*, Plaintiff suffered considerable harm, including but not limited to past and future medical expenses, property damage, loss of use, economic losses, pain and suffering, loss of enjoyment of life, and mental distress.

33. Defendant United States is vicariously liable to Plaintiff for damages stemming from Kramer's negligence, because he was employed by Defendant and was working within the course and scope of his employment as an agent of CBP when he caused the collision, and Defendant's agencies negligently permitted him to drive the vehicle.

## DAMAGES

34. As a direct and proximate result of Kramer's negligence and negligence *per se*, Plaintiff suffered considerable harm, including but not limited to past and future medical expenses, property damage, loss of use, economic losses, pain and suffering, loss of enjoyment of life, and mental distress.

## RELIEF

**WHEREFORE**, Plaintiff prays for judgment and order against Defendant as to each and every cause of action as follows:

    a. General damages in an amount an amount to be determined at trial;

    b. Special damages in an amount an amount to be determined at trial;

    c. Such other and further relief as the Court deems just and proper.

DATED this 8th day of April, 2020.

**WARNOCK MACKINLAY LAW PLLC**

By:/s/ Nathaniel B. Preston
    Nathaniel B. Preston
    Attorney for Plaintiff

## VERIFICATION

STATE OF ARIZONA )
                 ) ss.
County of Pinal  )

I, **PHILLIP A. BENAVIDEZ**, declare as follows:

1. I am the Plaintiff in this matter;

2. I have personal knowledge of the events set forth in the foregoing Verified Complaint, and if called upon to testify, I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), the content of the foregoing Complaint is true and correct of my own knowledge, except as to those matters stated upon information and belief and, as to those, I believe them to be true.

Executed on April 4, 2020 April, 2020.

By: _Phillip A. Benavidez_
    PHILLIP A. BENAVIDEZ



## Certificate Of Completion

Envelope Id: 8CF85F95059E4BF5BCADF38C749B44D8     Status: Completed
Subject: Please DocuSign: Verification of complaint 2020-04-03.pdf
Source Envelope:

| | | |
|---|---|---|
| Document Pages: 1 | Signatures: 0 | Envelope Originator: |
| Certificate Pages: 4 | Initials: 0 | Nathaniel B. Preston |
| AutoNav: Enabled | | 7135 East Camelback Road |
| EnvelopeId Stamping: Disabled | | F-240 |
| Time Zone: (UTC-07:00) Arizona | | Scottsdale, AZ  85251 |
| | | info@warnocklaw.com |
| | | IP Address: 70.167.211.83 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>      4/3/2020 2:54:32 PM | Holder: Nathaniel B. Preston<br>      info@warnocklaw.com | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Phillip A. Benavidez<br>benavidez.phillip87@gmail.com<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>    Accepted: 4/4/2020 7:22:36 AM<br>    ID: 9b0d4bd3-1e97-4bf4-a53b-edc12f60d464 | **Completed**<br><br>Using IP Address: 107.77.228.188<br>Signed using mobile | Sent: 4/3/2020 3:00:00 PM<br>Viewed: 4/4/2020 7:22:36 AM<br>Signed: 4/4/2020 7:23:00 AM |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 4/3/2020 3:00:00 PM |
| Certified Delivered | Security Checked | 4/4/2020 7:22:36 AM |
| Signing Complete | Security Checked | 4/4/2020 7:23:00 AM |
| Completed | Security Checked | 4/4/2020 7:23:00 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

## Electronic Record and Signature Disclosure